# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-20081-JWL |
| ) | |
| **MAURICE MONTELL ROBINSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Nearly four years ago, Defendant Maurice M. Robinson was sentenced to 240 months in prison for a drug offense. His case is once again before this court on a Motion to Reduce Sentence (Doc. 70) filed by counsel. For the reasons stated below, this motion is denied.

## BACKGROUND

On May 13, 2004, Mr. Robinson was charged with distributing or possessing with intent to distribute more than fifty grams of cocaine base. On October 1, 2004, Mr. Robinson pled guilty to three separate counts of distribution of cocaine base. Additionally, Mr. Robinson signed a plea agreement stating "[t]he defendant agrees that if his sentencing guideline range includes 240 months, then he will not request a sentence below 240 months in return for the United States agreement to not seek an enhanced penalty under 21 U.S.C. § 851."

The Presentence Investigation Report attributed 54.22 grams of cocaine base to Mr. Robinson. Under U.S.S.G. § 2D1.1(c)(4), this amount qualified Mr. Robinson for the Base Offense Level of 32. Because Mr. Robinson's drug trafficking involved a "protected location" under U.S.S.G. § 2D1.2, two levels were added, and because of Mr. Robinson's acceptance of responsibility under U.S.S.G. § 3E1.1, two levels were deducted. The Presentence Investigation Report calculated Mr. Robinson's criminal history score to be 19 points, placing him in Criminal History Category VI. Using the Sentencing Table, Mr. Robinson's Adjusted Offense Level of 32 and Criminal History Category of VI gave him a sentencing range of 210–262 months.

Because Mr. Robinson had previously been convicted of possession with intent to distribute cocaine, robbery, aggravated assault, and attempted robbery, he was considered a "career offender" under U.S.S.G. § 4B1.1(a). This qualified Mr. Robinson for a Career Offender Base Offense Level of 34. Because of Mr. Robinson's acceptance of responsibility under U.S.S.G. § 3E1.1, two levels were deducted, giving Mr. Robinson a Career Offender Adjusted Offense Level of 32. Because Mr. Robinson had a Criminal History Category of VI, his sentencing range under the "career offender" guidelines was also 210–262 months.

U.S.S.G. § 4B1.1(b) states that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply." However, because Mr. Robinson's Adjusted Offense Level and Career Criminal Offense Level were both 32, the court used his Adjusted Offense

Level for the purposes of sentencing. On December 13, 2004, Mr. Robinson was sentenced to 240 months in prison, well within the 210–262 sentencing range. Mr. Robinson did not appeal his sentence.

On November 1, 2007, the drug quantity table in U.S.S.G. § 2D1.1(c) was amended, which lowered base offense levels by two levels assigned to quantities of cocaine base. U.S.S.G. App. C Supp. Amend. 706. On March 3, 2008, the United States Sentencing Commission made these amendments retroactive. U.S.S.G. App. C Supp. Amend. 713. Mr. Robinson now asks the court to reduce his sentence accordingly.

## DISCUSSION

**I.    Motion to Reduce Sentence** (Doc. 70)

A.    Application of Amendment 706

Mr. Robinson argues that his sentence should be reduced because Amendment 706 retroactively reduces base offense levels by two points for cocaine base convictions. He argues this court has the authority to reduce sentences under 18 U.S.C. § 3582(c)(2). This statute states:

> [t]he court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment

> . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement says that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement . . . if none of the amendments listed in subsection (c) is applicable to the defendant; or an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)

Mr. Robinson relies on Amendment 706, which modified base offense levels for cocaine base offenses in the Drug Quantity Table of U.S.S.G. § 2D1.1(c). U.S.S.G. App C Supp. Amend. 706. As a result, "[c]rack cocaine offenses for quantities above and below the mandatory minimum threshold quantities . . . [were] adjusted downward by two levels." *Id.*

Mr. Robinson first argues that because he was sentenced under his Adjusted Offense Level and this level has since been reduced, his sentence should be reduced accordingly. However, Mr. Robinson is not entitled to a sentence reduction pursuant to Amendment 706 because this amendment "does not have the effect of lowering the defendant's applicable guideline range" as required in U.S.S.G. § 1B1.10(a)(2).

According to U.S.S.G § 1B1.10(b)(1), the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *See United States v. Sharkey*, No. 08-3115, 2008 WL 4482893, at *2 (10th

Cir. Oct. 7, 2008).  When Mr. Robinson was sentenced, the court used his Adjusted Offense Level instead of his Career Offender Offense Level because both levels were equal.  Because Amendment 706 is retroactive, it reduces Mr. Robinson's Adjusted Offense Level to 30.

The language in U.S.S.G. § 4B1.1 states that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply."  Because Amendment 706 retroactively reduced Mr. Robinson's Adjusted Offense Level to 30, his Career Offender Offense Level, which remained at 32, would apply because it is two points higher.  Thus, Mr. Robinson's guideline range remains at 210–262 months and the amendment does not lower his applicable guideline range as required by § 1B1.10(a)(2).  For these reasons, Amendment 706 does not apply to Mr. Robinson's original sentence and his sentence should not be reduced.

B.     Validity of U.S.S.G. § 1B1.10

Mr. Robinson next argues that the policy statement in U.S.S.G. § 1B1.10 is invalid, allowing the court to have jurisdiction to consider a sentence reduction.  Mr. Robinson compares the precise language of § 1B1.10 and § 3582(c).  Section 3582(c) applies to situations where a "sentencing range" has been lowered, but § 1B1.10 allows for reduced sentences only where a defendant's "guideline range" has been lowered.  Because of this difference in terminology, Mr. Robinson argues that § 1B1.10 is invalid because it conflicts, and even narrows, the language of the statute.

5

This argument is unpersuasive because § 3582(c) references a "sentencing range," which is determined by the guidelines. However, this seems to have the same meaning as "guideline range." The only relevant range for the purposes of calculating Mr. Robinson's sentence is the range listed on the Sentencing Table of the Guidelines, which is arrived at by finding the intersection of his Offense Level and his Criminal History Category. For these reasons, U.S.S.G. § 1B1.10 is valid and Mr. Robinson is not entitled to a reduction in sentence under Amendment 706.

C.     Application of *Booker*

Mr. Robinson is not entitled to a resentencing hearing based on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Mr. Robinson correctly argues that *Booker* made the Sentencing Guidelines advisory instead of mandatory. While this is true, the Sentencing Guidelines still should be given great weight. "They are persuasive authority of the highest order and reflect years of research, experience, and represent society's collective wisdom about how to achieve the purposes of sentencing." *United States v. Williamson*, No. 93-20048-002-JWL, 2008 WL 2782751, at *2 (July 7, 2008). "The court does not believe it is appropriate to revisit the propriety of the original sentencing decision because the guidelines are now advisory instead of mandatory." *Id.*

Additionally, "even if *Booker* could be read to be an implicit lowering of [a defendant's] sentencing range, § 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range. . . . *Booker* does

6

not provide a basis for a sentence reduction under § 3582(c)." *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006). For these reasons, Mr. Robinson is also not entitled to resentencing hearing or sentence reduction under *Booker*.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to reduce sentence (Doc. 70) is denied.

**IT IS SO ORDERED** this 30th day of October, 2008.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge