## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

       Plaintiff,

v.                                  Case No. 04-20081-01-JWL

Maurice Montell Robinson,

       Defendant.

### MEMORANDUM & ORDER

Mr. Robinson entered a plea of guilty to three counts of distribution of cocaine base. Based on the drug quantities attributed to Mr. Robinson, the Presentence Investigation Report assigned Mr. Robinson a base offense level of 32. Because Mr. Robinson's drug trafficking involved a "protected location" under U.S.S.G. § 2D1.2, two levels were added, and because of Mr. Robinson's acceptance of responsibility under U.S.S.G. § 3E1.1, two levels were deducted. Mr. Robinson's adjusted offense level, then, was 32. But the PSR also categorized Mr. Robinson as a career offender under U.S.S.G. § 4B1.1 and assigned him a base offense level of 34 under the career offender guidelines. Mr. Robinson's acceptance of responsibility resulted in a two-level reduction under U.S.S.G. § 3E1.1, giving Mr. Robinson an adjusted offense level of 32 under the career offender guidelines. Thus, Mr. Robinson's adjusted offense level under § 2D1.1 and his adjusted offense level under § 4B1.1 were both 32. The PSR further placed Mr. Robinson in Criminal History Category VI, resulting in a guidelines range of 210 months to 262 months. On December 13, 2004, Mr. Robinson was sentenced to 240 months in prison. Mr.

Robinson has now filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782.  As will be explained, the motion is dismissed.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed.  *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011).  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).  Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c).  That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Mr. Robinson is not entitled to a sentence reduction pursuant to Amendment 782 because this amendment "does not have the effect of lowering the defendant's applicable guideline range" as required in U.S.S.G. § 1B1.10(a)(2).  According to U.S.S.G § 1B1.10(b)(1), the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."  *See United States v. Boyd*, 721 F.3d 1259, 1262 (10th Cir. 2013). While Amendment 782 would have the effect of reducing Mr. Robinson's adjusted offense level under § 2D1.1, Amendment 782 has no effect on § 4B1.1.  Thus, Mr. Robinson's adjusted offense level under the career offender guidelines is not reduced and his adjusted offense level remains a 32 with a corresponding guideline range of 210 months to 262 months.  *See* U.S.S.G. § 4B1.1(b) ("if the offense level for a career offender . . . is greater than the offense level

otherwise applicable, the [career offender] offense level . . . shall apply"). For these reasons, Amendment 782 does not provide any relief to Mr. Robinson and no reduction is authorized by the statute. *See United States v. Robinson*, 323 Fed. Appx. 676, 678-79 (10th Cir. 2009) (affirming this court's conclusion that Mr. Robinson was not entitled to a reduction under Amendment 706 because a reduction of his offense level under § 2D1.1 triggered an application of the career offender provision of the guidelines such that his range remained unchanged).


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Robinson's motion to reduce sentence (doc. 86) is dismissed.


**IT IS SO ORDERED.**


Dated this 24th day of July, 2015, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3